# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF NORTH CAROLINA, SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY SMALL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF WILMINGTON, J.J. ) <br> LIGHTNER, DONNA BROWN, WAYNE ) <br> NORRIS, DARRYL NESTER, JOSEPH ) <br> NEUSCHAEFER, UNKNOWN ) <br> EMPLOYEES OF THE WILMINGTON ) <br> POLICE DEPARTMENT and ) <br> UNKNOWN SURETY FOR THE CITY ) <br> OF WILMINGTON, ) <br> ) <br> Defendants. ) <br> ) | Case No: 7:17 CV 00071-FL <br><br> Document-Consent Protective Order |

Pursuant to Rule 26(c) and with the consent of the parties as designated below, the Court finds and orders as follows:

1. Plaintiff served a subpoena on the New Hanover District Attorney's Office for their file relating to the murder of Pamela Dreher—the murder that Plaintiff alleges that he was wrongfully convicted of. That file contains law enforcement reports from both the Wilmington Police Department and the North Carolina State Bureau of Investigation.

2. The requested law enforcement records in the possession of the New Hanover County District Attorney's Office are relevant to the instant matter under Rule 26. The New Hanover County District Attorney's Office and the parties agree

that the records may be produced subject to a protective order restricting their use to the prosecution and defense of this lawsuit and prohibiting their disclosure to unauthorized persons.

    3. As used herein, "qualified persons" means:

        a. This Court, including its staff and any jury selected in this case, under such safeguards as are provided in this Order or as are required by the Court in the event any confidential matter is to be used or introduced at trial;

        b. Present and subsequent in-house and outside counsel for the parties to this action, together with their paralegals, investigators and employees actually working on the case at any time;

        c. Outside experts consulted or retained by counsel in connection with the preparation for trial or trial;

        d. The individual and entity parties to this action and witnesses in connection with the preparation for trial or at trial; and

        e. Representatives of insurance carriers for the parties.

    4. With the consent of the parties, the Court finds that a protective order is appropriate and imposes the following terms and conditions on the use and disclosure of the requested law enforcement records. The law enforcement records shall be revealed only to and used only by "qualified persons" as provided in paragraph 3 of this Order and only in connection with the prosecution or defense of this case, including any appeal thereof.

5. It shall be the responsibility of counsel for each party to this action to ensure that qualified persons receiving any confidential material pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them.

6. Ultimate disposition of protected materials is subject to final Order of the Court upon completion of litigation.

7. Although this Order is entered with the consent of the parties, it shall not constitute a waiver of the parties' right to object to the disclosure of material on grounds relating to discovery or to its admissibility into evidence.

8. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

SO ORDERED, this the 22 day of January, 2018.

_____
U.S. District Court Judge, Presiding

RESPECTFULLY SUBMITTED,

**JOHNNY SMALL**


By: /s/ Gayle Horn
Jon Loevy, ILBN 6218254
Gayle Horn, ILBN 6286427
Tara Thompson, ILBN 6279922
Cindy Tsai, ILBN 6293973
Aisha Davis, ILBN 6323791
LOEVY & LOEVY
311 N. Aberdeen, Third floor
Suite 100
Chicago, Illinois 60607
gayle@loevy.com
Phone: (312) 243-5900
Fax: (312) 243-5902
*Counsel for Plaintiff*

/s/ David S. Rudolf
David S. Rudolf, NCBN: 8587
RUDOLF WIDENHOUSE
225 East Worthington Avenue
Ste. 200
Charlotte, NC 28203
Telephone: (704) 333-9945
dsrudolf@rudolfwidenhouse.com
*Local Civil Rule 83.1 Counsel for Plaintiff*

/s/
Kathryn H. Shields
Assistant Attorney General
N.C. State Bar No. 43200
N.C. Department of Justice
P O Box 629
Raleigh, NC 27602-0629
Phone: (919) 716-6800
Fax: (919) 716-6755
kshields@ncdoj.gov
*Counsel for New Hanover County District Attorney's office*

/s/
David G. Harris
David L. Brown
GOLDBERG SEGALLA, LLP
800 Green Valley Road, Suite 302
Greensboro, NC 27408
Phone: (336) 419-4900
dharris@goldbergsegalla.com
dbrown@goldbergsegalla.com
*Attorneys for Defendants JJ Lightner, Donna Brown, Wayne Norris, Darryl Nester, and Joseph Neuschafer*

/s/
Sumrell, Sugg, Carmichael, Hicks & Hart
PO Drawer 889
New Bern, North Carolina 28563
Phone: (252) 633-3131
Fax: (252) 633-3507
shart@nclawyers.com
*Attorney for Defendant City of Wilmington*