UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
FILE NO. 7:17-CV-00071-FL

| | | |
|---|---|---|
| JOHNNY SMALL, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | **CONSENT PROTECTIVE ORDER** |
| | ) | |
| CITY OF WILMINGTON, J.J. LIGHTNER, | ) | |
| DONNA BROWN, WAYNE NORRIS, DARRYL | ) | |
| NESTER, JOSEPH NEUSCHAEFER, | ) | |
| UNKNOWN EMPLOYEES OF THE | ) | |
| WILMINGTON POLICE DEPARTMENT and | ) | |
| UNKNOWN SURETY FOR THE CITY OF | ) | |
| WILMINGTON, | ) | |
| Defendants | ) | |

This matter comes before the Court upon request of the parties, jointly, to enter a Protective Order. The Court has determined it to be in the best interests of all parties to facilitate the discovery process by maintaining certain information as confidential and to restrict the dissemination of such information in compliance with State Statutes on the confidentiality of personnel records, and other applicable restrictions. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, good cause having been shown and the Court deeming it just and proper to do so, it is hereby ORDERED that:

1. This Order governs the handling and disclosure of all materials produced, given, or filed herein by the parties and designated as "CONFIDENTIAL" during the discovery phase of this action. A separate order will be entered at the appropriate time regarding the use of CONFIDENTIAL INFORMATION during the trial or trials of any matter or issue herein. For purposes of this Order, CONFIDENTIAL INFORMATION includes, but is not limited to, confidential personnel information pursuant to N.C. Gen. Stat. § 160A-168.

2. **<u>Definitions</u>**.

      a.     "Document" means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

      b.     "Material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

      c.     "Parties" means Plaintiff JOHNNY SMALL, and Defendants CITY OF WILMINGTON, J.J. LIGHTNER, DONNA BROWN, WAYNE NORRIS, DARRYL NESTER, and JOSEPH NEUSCHAEFER, and any other parties who are added to this case following the entry of this order.

3. **<u>Procedure for Designating Information as Confidential</u>**.

      a.     A party or witness may designate as CONFIDENTIAL INFORMATION any material produced in the course of discovery that contains confidential information by writing, typing, or stamping on the face of such material the words "CONFIDENTIAL," or by otherwise notifying counsel for the parties in writing, and, in the case of deposition transcripts and exhibits, also the court reporter, at the time of the production of the document or within 20 days of receipt of the deposition transcript. In the event CONFIDENTIAL INFORMATION is contained in any written response to a discovery request, in any deposition transcript, or in any exhibit thereto, the confidential portion of such response, transcript, or exhibit shall be separately bound, and the words "CONFIDENTIAL" shall be placed thereon.

      b.     In the event confidential, proprietary or sensitive material is inadvertently produced without placing the designation "CONFIDENTIAL" thereon, the party or witness may, subsequent to the production (or subsequent to the 20-day period for designating deposition transcripts), designate the material as CONFIDENTIAL INFORMATION. In such event, the material shall be treated in accordance with the terms of this Order from the time of the designation.

c. Should a party object to the designation of any material as CONFIDENTIAL INFORMATION, that party may appeal to the Court for a ruling that the material shall not be so treated. Until the Court enters an order, if any, changing the designation of the material, it shall be treated as CONFIDENTIAL as provided in this Order.

4. **Disclosure and Use of Confidential Information**.

a. Provided that the requesting party and that party's counsel shall adhere strictly to the provisions of this Order with respect to all materials designated as Confidential, Counsel for the requesting party may have access to, inspect and copy CONFIDENTIAL MATERIALS sought through legitimate discovery means (except as described below), and no objection shall be raised to the production of any information or documents, or the answering to any interrogatories or deposition questions, on the grounds that said information, documents or answers are or may be considered confidential by the producing party, *unless* said information was inadvertently produced and/or such information was intended to be confidential when originally disclosed.

b. The production or disclosure of CONFIDENTIAL MATERIALS pursuant to the terms of this Order by the producing party shall not waive or prejudice the right of the producing party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or in any other action. It is specifically agreed that making the materials or documents available for inspection and the production of the materials or documents shall not constitute a waiver by the parties of any claim of confidentiality, and the production of such materials or documents shall not be considered as an acknowledgment that the materials or documents may be admissible into evidence at the trial of this action.

c.     Except upon further order of the Court, CONFIDENTIAL INFORMATION, and information derived therefrom, shall be disclosed only to the parties and their insurers, counsel for the parties in this action; their legal assistants and other staff members; outside companies engaged by attorneys for the parties to photocopy such documents; public officials of the Wilmington City Attorney's Office, who provide material assistance in the legal representation of the Defendants; a deponent in the action (during a deposition or in preparation therefor) when the Confidential materials are materially related to the questions asked to or testimony of such deponent; any court reporter utilized for depositions in the course of this litigation and their staff, for purposes of preparing transcripts; representatives of the insurers for the defendants; experts consulted or assisting the parties in this action; and the Court and its regularly-employed staff.

d.     All CONFIDENTIAL INFORMATION, and information derived therefrom, shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose.

e.     Any person other than the parties, counsel of record, employees of counsel, employees of the insurers of defendants, the Wilmington City Attorney and his designees, the Court, its personnel, court reporters and their staff must execute a form as is attached hereto as Exhibit A  prior to the disclosure of CONFIDENTIAL INFORMATION. Counsel shall keep a record of all persons to whom disclosures are made and shall retain in their possession, custody, and control all the written statements signed by those persons.   All CONFIDENTIAL INFORMATION, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

f.      The restrictions on disclosure or use of materials designated "CONFIDENTIAL" set forth in this Order shall not apply to any such information to the extent that it:

i.      Was known to the requesting party at the time of its disclosure by the producing party, and can be demonstrated as such; or

ii.      Is now, or later becomes, available to the public or the party through means other than disclosure which violates this Order.

5.      **Procedure for Filing Documents under Seal.**

a.      The filing of sealed documents should be accomplished under the provisions of Local Rule 79.2 of this Court and Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988).

b.      Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (d) the reasons why alternative to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion an supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

6.      **Disposition of Documents**.

a.	After the final disposition of this action, including the conclusion of any and all appeals, all CONFIDENTIAL INFORMATION maintained in sealed files of the Court shall be returned to counsel for the party or witness filing such CONFIDENTIAL INFORMATION.

b.	After termination of this action, each receiving party shall return all documents marked "CONFIDENTIAL" to the conveying party, except that counsel of record may retain one copy of each item.

7.	**General Terms.**

a.	Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

b.	Nothing in this protective order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege, or as constituting attorney work product materials, or is otherwise not subject to proper discovery.

c.	This protective order shall not prevent either party from applying to the court for relief therefrom, or from applying to the court for further or additional protective orders, or from agreeing between themselves to modification of this protective order, subject to the approval of the court.

d.	This Protective Order shall constitute an order of a court of competent jurisdiction permitting the disclosure of discoverable materials under the provisions of N.C. Gen. Stat. § 160A-168(c)(4).

It is so ORDERED this _____ day of _____, 2018.

_____
Honorable Louise Flanagan
United States District Court Judge Presiding

We, the undersigned counsel of record, consent to the foregoing Consent Protective Order:

/s/Gayle Horn
/s/Cindy Tsai
LOEVY & LOEVY
311 N. Aberdeen St., Third floor
Chicago, IL  60607
*Attorneys for Plaintiff*

/s/David G. Harris
GOLDBERG SEGALLA
800 Green Valley Road, Suite 302
Greensboro, NC  27408
*Attorneys for Defendant Lightner*

/s/Scott C. Hart
SUMRELL SUGG CARMICHAEL HICKS AND HART, P.A.
Post Office Drawer 889
New Bern, North Carolina  28563
*Attorneys for Defendant City of Wilmington*

/s/Meredith T. Everhart
CITY OF WILMINGTON, OFFICE OF THE CITY ATTORNEY
Post Office Box 1810
Wilmington, North Carolina
*Attorneys for Defendant City of Wilmington*

/s/Brian H. Alligood
BOVIS, KYLE, BURCH & MEDLIN, LLC
800 Green Valley Road, Suite 102
Greensoboro, NC  27408
*Attorneys for Defendants Brown, Norris, Nester, and Neuschaefer*

## EXHIBIT A

Agreement concerning material covered by a Protective Order entered in the
United States District Court for the Eastern District of North Carolina.


       The undersigned hereby acknowledges that she/he has read the Protective Order entered by the Court dated _____, 2018, in the civil action entitled Johnny Small v. City of Wilmington, J.J. Lightner, Donna Brown, Wayne Norris, Darryl Nester, Joseph Neuschaefer, Unknown Employees of the Wilmington Police Department, and Unknown Surety for the City of Wilmington, File No. 7:17-CV-00071-FL, understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court for the Eastern District of North Carolina with regard to this protective order and understands (1) that the violation of the Stipulated Consent Protective Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.


_____          _____
(Date)                                                      (Signature)

\\SERVER04\lssdocs\00000051\00087680.000.DOCX