UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
FILE NO. 7:17-cv-00071-FL

| | |
|---|---|
| JOHNNY SMALL,<br>　　　　　Plaintiff<br><br>　　vs.<br><br>CITY OF WILMINGTON, J.J.<br>LIGHTNER, DONNA BROWN, WAYNE<br>NORRIS, DARRYL NESTER, JOSEPH<br>NEUSCHAEFER, BRUCE HICKMAN,<br>UNKNOWN EMPLOYEES OF THE<br>WILMINGTON POLICE DEPARTMENT<br>and UNKNOWN SURETY FOR THE<br>CITY OF WILMINGTON,<br>　　　　　Defendants | **ANSWER AND DEFENSES TO PLAINTIFF'S<br>FIRST AMENDED COMPLAINT** |

NOW COMES the Defendant, City of Wilmington (hereinafter "this Defendant" or "Defendant City") by and through undersigned counsel, responding to the allegations raised in Plaintiff's First Amended Complaint, and hereby alleges and says as follows:

### FIRST AFFIRMATIVE DEFENSE
### Sovereign/Governmental Immunity

This Defendant hereby pleads sovereign and/or governmental immunity as an affirmative defense and as a complete and total bar to the claims against it in Plaintiff's First Amended Complaint.

### SECOND AFFIRMATIVE DEFENSE
### Statute of Limitations

This Defendant hereby pleads the applicable statutes of limitation and statutes of repose as an affirmative defense and as a complete and total bar to the claims against it in Plaintiff's First Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE
### Lack of Unconstitutional Custom or Policy

This Defendant hereby pleads the lack of any unconstitutional custom or policy as an affirmative defense and as a complete and total bar to the claims against it in Plaintiff's First Amended Complaint.

### ANSWER

1. As to the allegations contained in paragraph 1 of the First Amended Complaint, it is admitted, upon information and belief, that Plaintiff was convicted on a murder charge. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of the First Amended Complaint, and therefore denies same.

2. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the First Amended Complaint with regard to other Defendants, and therefore denies same. This Defendant denies that it engaged in any of the wrongful conduct alleged in paragraph 2 of the First Amended Complaint.

3. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 3 with regard to other Defendants, and therefore denies same. This Defendant denies that it engaged in any of the wrongful conduct alleged in paragraph 3 of the First Amended Complaint.

4. As to the allegations contained in paragraph 4 of the First Amended Complaint, it is admitted, upon information and belief, that Plaintiff was convicted of murder and sentenced to life in prison. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 4 of the First Amended Complaint, and therefore denies same.

5. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the First Amended Complaint, and therefore denies same.

6. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the First Amended Complaint, and therefore denies same.

7. The allegations contained in paragraph 7 of the First Amended Complaint are admitted, upon information and belief.

8. The allegations contained in paragraph 8 of the First Amended Complaint are such that no responsive pleading is required. However, to the extent such a responsive pleading is required, it is specifically denied that this Defendant is liable to Plaintiff for any injuries or damages.

9. The allegations contained in paragraph 9 of the First Amended Complaint purport to state a legal conclusion, and as such, no responsive pleading is required.

10. The allegations contained in paragraph 10 of the First Amended Complaint purport to state a legal conclusion, and as such, no responsive pleading is required.

11. The allegations contained in paragraph 11 of the First Amended Complaint purport to state a legal conclusion, and as such, no responsive pleading is required.

12. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the First Amended Complaint, and therefore denies same.

13. As to the allegations contained in paragraph 13 of the First Amended Complaint, it is admitted that Defendants Lightner, Brown, Norris, Nester, Neuschaefer, and Hickman were employed by the City of Wilmington in its Police Department. This Defendant is without

sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 13 of the First Amended Complaint, and therefore denies same.

14. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the First Amended Complaint, and therefore denies same.

15. The allegations contained in paragraph 15 of the First Amended Complaint are admitted.

16. As to the allegations contained in paragraph 16 of the First Amended Complaint, it is admitted that the City of Wilmington has purchased certain policies of insurance, the contents of which speak for themselves. It is denied that the City of Wilmington has a surety bond, or that it has waived its immunity. Except as expressly herein admitted, the allegations contained in paragraph 16 of the First Amended Complaint are denied.

17. As to the allegations contained in paragraphs 17-50 of the First Amended Complaint, it is admitted, upon information and belief, that Pamela Dreher was murdered on or about July 13, 1988 in Wilmington, North Carolina. It is further admitted that this murder was investigated by officers of the Wilmington Police Department. It is further admitted that Plaintiff was prosecuted and convicted. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining specific factual allegations contained in paragraphs 17-50 of the First Amended Complaint, and therefore denies same. However, it is specifically denied that this Defendant engaged in any wrongdoing, that this Defendant had any unconstitutional custom or policy, or that this Defendant is liable to the Plaintiff in any way for any of the allegations contained in paragraphs 17-50 of the First Amended Complaint. Except as expressly herein admitted, the allegations contained in paragraphs 17-50 of the First Amended Complaint are denied.

18. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraphs 51-55 of the First Amended Complaint, and therefore denies same. It is specifically denied that this Defendant engaged in any conduct which was in violation of Plaintiff's rights, or that it is liable to Plaintiff for any of the allegations contained in those paragraphs.

19. As to the allegations contained in paragraph 56 of the First Amended Complaint, it is admitted, upon information and belief, that in August of 2016, a court granted Plaintiff a new trial following a week-long hearing. The remaining allegations purport to refer to specific quotations from the court, the contents of which speak for themselves. Except as expressly herein admitted, the allegations contained in paragraph 56 of the First Amended Complaint are denied.

20. As to the allegations contained in paragraph 57 of the First Amended Complaint, it is admitted, upon information and belief, that the State of North Carolina dismissed the charges against Plaintiff in September of 2016. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations relating to the motivation for that dismissal, and therefore denies same. Except as expressly herein admitted, the allegations contained in paragraph 57 of the First Amended Complaint are denied.

21. This Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraphs 58-63 of the First Amended Complaint, and therefore denies same.

22. This Defendant restates the responses to the allegations contained in paragraph 1-63 of the First Amended Complaint, and incorporates them as if fully set forth herein.

23. The allegations contained in paragraph 65 of the First Amended Complaint are denied.

24. The allegations contained in paragraph 66 of the First Amended Complaint are denied.

25. The allegations contained in paragraph 67 of the First Amended Complaint are denied.

26. The allegations contained in paragraph 68 of the First Amended Complaint are denied.

27. The allegations contained in paragraph 69 of the First Amended Complaint are denied.

28. The allegations contained in paragraph 70 of the First Amended Complaint are denied.

29. The allegations contained in paragraph 71 of the First Amended Complaint are denied.

30. The allegations contained in paragraph 72 of the First Amended Complaint are denied.

31. The allegations contained in paragraph 73 of the First Amended Complaint are denied.

32. As to the allegations contained in paragraph 74 of the First Amended Complaint, those allegations purport to refer to testimony in a hearing, the contents of which speak for themselves. It is denied that the City of Wilmington or its Police Department had any custom or policy that encouraged or permitted the failure to properly disclose documents to prosecutorial authorities. Except as expressly herein admitted, the allegations contained in paragraph 74 of the First Amended Complaint are denied.

33. The allegations contained in paragraph 75 of the First Amended Complaint are denied.

34. The allegations contained in paragraph 76 of the First Amended Complaint are denied.

35. The allegations contained in paragraph 77 of the First Amended Complaint are denied.

36. This Defendant restates the responses to the allegations contained in paragraphs 1-77 of the First Amended Complaint, and incorporates them as if fully set forth herein.

37. As to the allegations contained in paragraph 79 of the First Amended Complaint, it is admitted that a criminal proceeding was instituted and continued against Plaintiff. Except as expressly herein admitted, the allegations contained paragraph 79 of the First Amended Complaint are denied.

38. The allegations contained in paragraph 80 of the First Amended Complaint are denied.

39. The allegations contained in paragraph 81 of the First Amended Complaint are denied.

40. The allegations contained in paragraph 82 of the First Amended Complaint are admitted.

41. The allegations contained in paragraph 83 of the First Amended Complaint are denied.

42. The allegations contained in paragraph 84 of the First Amended Complaint are denied.

43. The allegations contained in paragraph 85 of the First Amended Complaint are denied.

44. The allegations contained in paragraph 86 of the First Amended Complaint purport to state a legal conclusion, and as such, no responsive pleading is required.

45. The allegations contained in paragraph 87 of the First Amended Complaint are denied.

46. The allegations contained in paragraph 88 of the First Amended Complaint are denied.

47. The allegations contained in paragraph 89 of the First Amended Complaint are denied.

48. The allegations contained in paragraph 90 of the First Amended Complaint are denied.

49. This Defendant restates the responses to the allegations contained in paragraph 1-90 of the First Amended Complaint, and incorporates them as if fully set forth herein.

50. The allegations contained in paragraph 92 of the First Amended Complaint are denied.

51. The allegations contained in paragraph 93 of the First Amended Complaint are denied.

52. The allegations contained in paragraph 94 of the First Amended Complaint are denied.

53. The allegations contained in paragraph 95 of the First Amended Complaint are denied.

54. This Defendant restates the responses to the allegations contained in paragraph 1-95 of the First Amended Complaint, and incorporates them as if fully set forth herein.

55. The allegations contained in paragraph 97 of the First Amended Complaint are denied.

56. The allegations contained in paragraph 98 of the First Amended Complaint are denied.

57. The allegations contained in paragraph 99 of the First Amended Complaint are denied.

58. The allegations contained in paragraph 100 of the First Amended Compliant are denied.

59. The allegations contained in paragraph 101 of the First Amended Compliant are denied.

60. The allegations contained in paragraph 102 of the First Amended Compliant are denied.

61. The allegations contained in paragraph 103 of the First Amended Compliant are denied.

62. This Defendant restates the responses to the allegations contained in paragraph 1-103 of the First Amended Complaint, and incorporates them as if fully set forth herein.

63. The allegations contained in paragraph 105 of the First Amended Complaint are denied.

64. The allegations contained in paragraph 106 of the First Amended Complaint are denied.

65. The allegations contained in paragraph 107 of the First Amended Complaint are denied.

66. The allegations contained in paragraph 108 of the First Amended Complaint are denied.

67. The allegations contained in paragraph 109 of the First Amended Complaint are denied.

68. This Defendant restates the responses to the allegations contained in paragraph 1-109, of the First Amended Complaint, and incorporates them as if fully set forth herein.

69. The allegations contained in paragraph 111 of the First Amended Complaint are denied.

70. The allegations contained in paragraph 112 of the First Amended Complaint are denied.

71. The allegations contained in paragraph 113 of the First Amended Complaint are denied.

72. This Defendant restates the responses to the allegations contained in paragraphs 1-113 of the First Amended Complaint, and incorporates them as if fully set forth herein.

73. As to the allegations contained in paragraph 115 of the First Amended Complaint, it is admitted that a criminal proceeding was instigated and continued against Plaintiff. Except as expressly herein admitted, the allegations contained in paragraph 115 of the First Amended Complaint are denied.

74. As to the allegations contained in paragraph 116 of the First Amended Complaint, it is admitted that officers of the Police Department participated in the investigation of the crime with which Plaintiff was charged. Except as expressly herein admitted, the allegations contained in paragraph 116 of the First Amended Complaint are denied.

75. The allegations contained in paragraph 117 of the First Amended Complaint are denied.

76. The allegations contained in paragraph 118 of the First Amended Complaint purport to state a legal conclusion, and as such, no responsive pleading is required.

77. The allegations contained in paragraph 119 of the First Amended Complaint are denied.

78. This Defendant restates the responses to the allegations contained in paragraph 1-119 of the First Amended Complaint, and incorporates them as if fully set forth herein.

79. The allegations contained in paragraph 121 of the First Amended Complaint are denied.

80. The allegations contained in paragraph 122 of the First Amended Complaint are denied.

81. The allegations contained in paragraph 123 of the First Amended Complaint are denied.

82. This Defendant restates the responses to the allegations contained in paragraph 1-123 of the First Amended Complaint, and incorporates them as if fully set forth herein.

83. The allegations contained in paragraph 125 of the First Amended Complaint are denied.

84. The allegations contained in paragraph 126 of the First Amended Complaint are denied.

85. The allegations contained in paragraph 127 of the First Amended Complaint are denied.

86. The allegations contained in paragraph 128 of the First Amended Complaint are denied.

87. This Defendant restates the responses to the allegations contained in paragraphs 1-128 of the First Amended Complaint, and incorporates them as if fully set forth herein.

88. As to the allegations contained in paragraph 130 of the First Amended Complaint, it is admitted that the individual Defendants were employed by the City of Wilmington's Police Department. The remaining allegations contained in paragraph 130 of the First Amended Complaint purport to state a legal conclusion, and as such, no responsive pleading is required.

89. The allegations contained in paragraph 131 of the First Amended Complaint are denied.

90. The allegations contained in paragraph 132 of the First Amended Complaint are denied.

91. This Defendant restates the responses to the allegations contained in paragraphs 1-132 of the First Amended Complaint, and incorporates them as if fully set forth herein.

92. The allegations contained in paragraph 134 of the First Amended Complaint which allege matters which this Defendant is permitted to engage in purport to state a legal conclusion and, as such, no responsive pleading is required. The remaining allegations contained in paragraph 134 of the First Amended Complaint are denied.

93. As to the allegations contained in paragraph 135 of the First Amended Complaint, it is admitted that the individual Defendants were employed by the City of Wilmington's Police Department. The remaining allegations contained in paragraph 135 of the First Amended Complaint purport to state a legal conclusion, and as such, no responsive pleading is required.

94. This Defendant restates the responses to the allegations contained in paragraph 1-135 of the First Amended Complaint, and incorporates them as if fully set forth herein.

95. The allegations contained in paragraph 137 of the First Amended Complaint, and each and every subparagraph thereof, are denied.

96. The allegations contained in paragraph 138 of the First Amended Complaint are denied.

97. The allegations contained in paragraph 139 of the First Amended Complaint are denied.

98. The allegations contained in paragraph 140 of the First Amended Complaint are denied.

99. All allegations in Plaintiff's First Amended Complaint, not specifically admitted herein above, are hereby denied.

WHEREFORE, this Defendant requests the following relief from this court:

1. That Plaintiff have and recover nothing of this Defendant;

2. That Plaintiff's First Amended Complaint be dismissed, with prejudice;

3. For attorneys' fees to the degree permitted by law;

4. For a trial by jury on all issues so triable; and,

5. For such other and further relief as this Court deems just and proper.

This the 17th day of April, 2018.

        By: /s/Scott C. Hart
        State Bar No. 19060
        Attorneys for Defendant City of Wilmington
        Sumrell, Sugg, Carmichael, Hicks & Hart, P.A.
        Post Office Drawer 889
        New Bern, North Carolina 28563
        Telephone: (252) 633-3131
        Fax: (252) 633-3507
        E-mail: shart@nclawyers.com

        /s/Meredith Turner Everhart
        State Bar No. 26704
        Office of the City Attorney
        Post Office Box 1810
        Wilmington, North Carolina 28402
        Telephone: (910) 343-3629
        Fax: (910) 341-5824
        Email: meredith.everhart@wilmingtonnc.gov

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the **ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was served via CM/ECF on the following:

Gayle Horne
Jon Loevy
Tara Thompson
Cindy Tsai
Aisha Davis
Katie Roche
Anthony Balkisson
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Suite 100
Chicago, Illinois 60607

David S Rudolf
RUDOLF WIDENHOUSE
225 East Worthington Avenue, Ste. 200
Charlotte, NC 28203

David G. Harris II
GOLDBERG SEGALLA, LLP
800 Green Valley Road, Suite 302
Greensboro, NC 27408

Stephen E. Culbreth
CULBRETH LAW FIRM, LLP
514 Chestnut Street
Wilmington, NC 28401

Brian H. Alligood
BOVIS KYLE BURCH & MEDLIN
800 Green Valley Rd., Suite 102
Greensboro, NC 27408

This the 17th day of April, 2018.

By: /s/Scott C. Hart
State Bar No. 19060
Attorneys for Defendant City of Wilmington
Sumrell, Sugg, Carmichael, Hicks & Hart, P.A.
Post Office Drawer 889
New Bern, North Carolina 28563
Telephone: (252) 633-3131

Fax: (252) 633-3507
E-mail: shart@nclawyers.com

\\SERVER04\lssdocs\00000055\00088214.000.DOCX