IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
No. 7:17-cv-00071-FL

JOHNNY SMALL,

        Plaintiff,

    v.

CITY OF WILMINGTON, J.J. LIGHTNER,
DONNA BROWN, WAYNE NORRIS,
DARRYL NESTER, JOSEPH
NEUSCHAEFER, BRUCE HICKMAN,
UNKNOWN EMPLOYEES OF THE
WILMINGTON POLICE DEPARTMENT,
and UNKNOWN SURETY FOR THE CITY
OF WILMINGTON,

        Defendants.

**DEFENDANT BRUCE HICKMAN'S
ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT**

---

Defendant Bruce Hickman responds to the Plaintiff's First Amended Complaint as follows:

INTRODUCTION[1]

1. As to the allegations contained in paragraph 1 of the First Amended Complaint, it is admitted that Plaintiff Johnny Small was convicted of first degree murder by premeditation and deliberation and sentenced to life imprisonment in April 1989, for the murder of Pamela Dreher, and that Plaintiff Small was fifteen (15) years old at the time that he was arrested for the murder of Ms. Dreher.  Except as admitted herein, the remaining allegations contained in paragraph 1 of the First Amended Complaint are denied.

---

[1] The use of headings in this responsive pleading is for the sole purpose of facilitating reference to corresponding portions of the complaint.  To the extent any heading within the complaint is intended to assert an allegation of fact, whether expressly or impliedly, all such allegations are denied.

2.      Denied.

3.      Denied.

4.      Denied.

5.      As to the allegations contained in paragraph 5 of the First Amended Complaint, it is admitted, upon information and belief, that the North Carolina Center on Actual Innocence ("NCCAI") began investigating Plaintiff Small's conviction for the murder of Ms. Dreher in 2012, reportedly after being contacted by David Bollinger. Except as admitted herein, Defendant Bruce Hickman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the First Amended Complaint.

6.      Denied.

7.      As to the allegations contained in paragraph 7 of the First Amended Complaint, it is admitted that following a multi-day evidentiary hearing, Judge W. Douglas Parsons vacated Plaintiff Small's conviction, and that New Hanover County District Attorney Ben David dismissed the murder charge against Plaintiff Small on September 8, 2016. Except as admitted herein, the remaining allegations contained in paragraph 7 of the First Amended Complaint are denied.

8.      The allegations of this paragraph are not directed at this answering defendant and therefore require no response. To the extent further response is required, it is admitted only that this lawsuit purports to seek recovery for damages alleged. Except as admitted herein, the remaining allegations contained in paragraph 8 of the First Amended Complaint are denied.

9. As to the allegations contained in paragraph 9 of the First Amended Complaint, it is admitted that this action purports to be brought pursuant to 42 U.S.C. § 1983 and North Carolina law to redress the alleged deprivation under color of law of Plaintiff Small's rights under the U.S. Constitution and state-law torts. Except as admitted herein, the remaining allegations contained in paragraph 9 of the First Amended Complaint are denied.

10. The allegations contained in paragraph 10 of the First Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from this answering defendant. To the extent that a response is required, the allegations in paragraph 10 of the First Amended Complaint are denied.

11. The allegations contained in paragraph 11 of the First Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from this answering defendant. To the extent that a response is required, the allegations in paragraph 11 of the First Amended Complaint are denied.

Parties

12. As to the allegations contained in paragraph 12 of the First Amended Complaint, it is admitted, upon information and belief, that Plaintiff Small is a citizen of Florida, and that he lived in Wilmington, North Carolina, until his arrest on October 29, 1988. Except as herein admitted, the remaining allegations in paragraph 12 of the First Amended Complaint are denied.

13. As to the allegations contained in paragraph 13 of the First Amended Complaint, it is admitted that Defendants J.J. Lightner, Donna Brown (n/k/a Donna

Brown Smith), Wayne Norris, Darryl Nester, Joseph Neuschafer, and Bruce Hickman (collectively, the "Officer Defendants") are citizens and residents of North Carolina, and at all times relevant to the Complaint were employed by the Wilmington Police Department ("WPD") and were acting under the color of law and within the scope of their employment.  It is further admitted that the Officer Defendants are sued in this action in their individual capacities.  Except as herein admitted, the remaining allegations in paragraph 13 of the First Amended Complaint are denied.

14.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and those allegations are therefore denied.

15.     Admitted, upon information and belief.

16.     The allegations of this paragraph are not directed at this answering defendant and therefore require no response.  To the extent further response is required, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and those allegations are therefore denied.

## FACTUAL BACKGROUND

### The Murder of Pamela Dreher

17.     Admitted, upon information and belief.

18.     Admitted.

19.     Admitted, upon information and belief.

20.     Admitted, upon information and belief.

21.     Admitted, upon information and belief.

22.     As to the allegations contained in paragraph 22 of the First Amended Complaint, it is admitted that the murder of Ms. Dreher was investigated by the WPD and that Defendants J.J. Lightner and Donna Brown were detectives in the Criminal Investigations Division ("CID") unit of the WPD during the investigation of the murder. Except as herein admitted, the remaining allegations in paragraph 22 of the First Amended Complaint are denied.

23.     Denied.

24.     As to the allegations contained in paragraph 24 of the First Amended Complaint, it is admitted, upon information and belief, that Crime Stoppers offered a $5,000 reward for information leading to the arrest and indictment of individuals responsible for the murder of Ms. Dreher, and that Governor Jim Martin approved an additional $5,000 reward for such information.  Except as herein admitted, the remaining allegations in paragraph 24 of the First Amended Complaint are denied.

The Defendants Fabricate a Case against Plaintiff

25.     As to the allegations contained in paragraph 25 of the First Amended Complaint, it is admitted, upon information and belief, that at the time of Ms. Dreher's murder, Plaintiff Small was fifteen (15) years old and lived less than a mile from the tropical fish store where Ms. Dreher was murdered.  Except as herein admitted, the remaining allegations in paragraph 25 of the First Amended Complaint are denied.

26.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and those allegations are therefore denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     As to the allegations contained in paragraph 34 of the First Amended

Complaint, it is admitted that David Bollinger was charged with being an accessory after

the fact to Ms. Dreher's murder.  Except as herein admitted, the remaining allegations in

paragraph 34 of the First Amended Complaint are denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

<u>Plaintiff's Wrongful Arrest and Prosecution</u>

44.     As to the allegations contained in paragraph 44 of the First Amended

Complaint, it is admitted that Plaintiff Small was arrested for Ms. Dreher's murder on

October 29, 1988.   Except as herein admitted, the remaining allegations in paragraph 44 of the First Amended Complaint are denied.

45.     As to the allegations contained in paragraph 45 of the First Amended Complaint, it is admitted that upon Plaintiff Small's arrest, he was brought to the police station and advised of his rights, including the right to have his parent(s), guardian, or custodian present during questioning, and that Plaintiff Small waived his rights. Furthermore, it is admitted that Plaintiff Small was questioned about the murder of Ms. Dreher after Plaintiff Small had waived his rights.  Except as herein admitted, the remaining allegations in paragraph 45 of the First Amended Complaint are denied.

46.     As to the allegations contained in paragraph 46, it is admitted that Plaintiff Small denied involvement with Ms. Dreher's murder.  Except as herein admitted, the remaining allegations in paragraph 46 of the First Amended Complaint are denied.

47.     Denied.

48.     As to the allegations contained in paragraph 48 of the First Amended Complaint, it is admitted that Mr. Bollinger and Defendant Lightner testified at a probable cause hearing in relation to Ms. Dreher's murder, and that Plaintiff Small was held over for trial and was tried as an adult for the murder of Ms. Dreher.  Except as herein admitted, the remaining allegations in paragraph 48 of the First Amended Complaint are denied.

49.     As to the allegations contained in paragraph 49 of the First Amended Complaint, it is admitted that Ms. Raiford, Mr. Bollinger, and other friends of Plaintiff Small testified at his criminal trial, as well as Defendants J.J. Lightner, Darryl Nester,

and Joseph Neuschafer. Except as admitted herein, the remaining allegations contained in paragraph 49 of the First Amended Complaint are denied.

50.     As to the allegations contained in paragraph 50 of the First Amended Complaint, it is admitted that Plaintiff Small claimed that he was innocent of the murder of Ms. Dreher at his sentencing. Except as admitted herein, the remaining allegations contained in paragraph 50 of the First Amended Complaint are denied.

<u>Plaintiff's Exoneration</u>

51.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51, and those allegations are therefore denied.

52.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52, and those allegations are therefore denied.

53.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53, and those allegations are therefore denied.

54.     Denied.

55.     As to the allegations contained in paragraph 55 of the First Amended Complaint, it is admitted that Plaintiff Small filed a post-conviction petition for relief with the aid of the NCCAI. Except as admitted herein, the remaining allegations contained in paragraph 55 of the First Amended Complaint are denied.

56.     As to the allegations contained in paragraph 56 of the First Amended Complaint, it is admitted that following a multi-day evidentiary hearing, Judge Parsons

granted Plaintiff Small a new trial.  Except as admitted herein, the remaining allegations contained in paragraph 56 of the First Amended Complaint are denied.

57.     As to the allegations contained in paragraph 57 of the First Amended Complaint, it is admitted that New Hanover County District Attorney Ben David dismissed the murder charge against Plaintiff Small on September 8, 2016.  Except as admitted herein, the remaining allegations contained in paragraph 57 of the First Amended Complaint are denied.

<u>Plaintiff's Damages</u>

58.     Denied.

59.     As to the allegations contained in paragraph 59 of the First Amended Complaint, it is admitted that Plaintiff Small was incarcerated from age 15 to 44.  Except as admitted herein, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59, and those allegations are therefore denied.

60.     As to the allegations contained in paragraph 60 of the First Amended Complaint, it is admitted that Plaintiff Small was incarcerated from age 15 to 44.  Except as admitted herein, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60, and those allegations are therefore denied.

61.     As to the allegations contained in paragraph 61 of the First Amended Complaint, it is admitted that Plaintiff Small was incarcerated from age 15 to 44.  Except as admitted herein, this answering defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61, and those allegations are therefore denied.

62.     As to the allegations contained in paragraph 62 of the First Amended Complaint, it is admitted that Plaintiff Small was incarcerated from age 15 to 44.  Except as admitted herein, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 62, and those allegations are therefore denied.

63.     This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63, and those allegations are therefore denied.

Count I – 42 U.S.C. § 1983
Violation of Due Process
<u>Fourteenth Amendment</u>

64.     Defendant Bruce Hickman's responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.  It is specifically denied that the Officer Defendants failed to disclose exculpatory evidence to criminal defendants, fabricated false evidence implicating criminal defendants in criminal conduct, elicited false and coerced witness statements and testimony, pursued wrongful convictions through flawed investigations, or otherwise violated due process.

74.     As to the allegations contained in paragraph 74 of the First Amended Complaint, it is admitted only that the testimony of the prosecutor in Plaintiff Small's case speaks for itself.  Except as expressly admitted herein, the remaining allegations of paragraph 74 of the First Amended Complaint are denied.

75.     Denied.  It is specifically denied that the Officer Defendants withheld material evidence, fabricated false evidence and witness statements, or pursued wrongful convictions.

76.     Denied.  It is specifically denied that the Officer Defendants engaged in the alleged misconduct.

77.     Denied.

Count II – 42 U.S.C. § 1983
Federal Malicious Prosecution
Fourth and Fourteenth Amendments

78.     Defendant Bruce Hickman's responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

79.     As to the allegations contained in paragraph 79 of the First Amended Complaint, it is admitted that a criminal proceeding was instituted and continued against Plaintiff Small.  Except as expressly admitted herein, the remaining allegations of paragraph 79 of the First Amended Complaint are denied.

80. As to the allegations contained in paragraph 80 of the First Amended Complaint, it is admitted that the Officer Defendants participated in various respects in the investigation of Plaintiff Small in relation to the murder of Ms. Dreher, and that certain of the Officer Defendants participated as requested by the prosecution in the criminal prosecution of Plaintiff Small. Except as expressly admitted herein, the remaining allegations of paragraph 80 of the First Amended Complaint are denied.

81. Denied.

82. As to the allegations contained in paragraph 82 of the First Amended Complaint, it is admitted that New Hanover County District Attorney Ben David dismissed the murder charge against Plaintiff Small on September 8, 2016. Except as expressly admitted herein, the remaining allegations of paragraph 82 of the First Amended Complaint are denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied. It is specifically denied that the Officer Defendants failed to disclose exculpatory and impeachment evidence to criminal defendants, fabricated false evidence implicating criminal defendants in criminal conduct, elicited false and coerced witness statements and testimony, pursued wrongful convictions through flawed investigations, or otherwise violated due process.

88. Denied.

89.     Denied.  It is specifically denied that the Officer Defendants engaged in the alleged misconduct.

90.     Denied.

## Count III – 42 U.S.C. § 1983
### Fourth Amendment

91.     Defendant Bruce Hickman's responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

92.     Denied.

93.     As to the allegations contained in paragraph 93 of the First Amended Complaint, it is admitted that at all times relevant to the Complaint the Officer Defendants were employed by the WPD and were acting under the color of law and within the scope of their employment.  Except as expressly admitted herein, the remaining allegations of paragraph 93 of the First Amended Complaint are denied.  It is specifically denied that the Officer Defendants engaged in the alleged misconduct.

94.     Denied.  It is specifically denied that the Officer Defendants engaged in the alleged misconduct.

95.     Denied.

## Count IV – 42 U.S.C. § 1983
### Failure to Intervene

96.     Defendant Bruce Hickman's responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.   It is specifically denied that the Officer Defendants failed to disclose exculpatory and impeachment evidence to criminal defendants, fabricated false evidence implicating criminal defendants in criminal conduct, elicited false and coerced witness statements and testimony, pursued wrongful convictions through flawed investigations, or otherwise violated due process.

102.    Denied. It is specifically denied that the Officer Defendants engaged in the alleged misconduct.

103.    Denied.

### Count V – 42 U.S.C. § 1983
#### Conspiracy

104.    Defendant Bruce Hickman's responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.   It is specifically denied that the Officer Defendants engaged in the alleged misconduct.

109.    Denied.

### Count VI – State Law
#### Intentional Infliction of Emotional Distress

110.    Defendant Bruce Hickman's responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

111.    Denied.

112. Denied.

113. Denied.

Count VII – State Law
Malicious Prosecution

114. Defendant Bruce Hickman's responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

115. As to the allegations contained in paragraph 115 of the First Amended Complaint, it is admitted that a criminal proceeding was instituted and continued against Plaintiff Small. Except as expressly admitted herein, the remaining allegations of paragraph 115 of the First Amended Complaint are denied.

116. As to the allegations contained in paragraph 116 of the First Amended Complaint, it is admitted that the Officer Defendants participated in various respects in the investigation of Plaintiff Small in relation to the murder of Ms. Dreher, and that certain of the Officer Defendants participated as requested by the prosecution in the criminal prosecution of Plaintiff Small. Except as expressly admitted herein, the remaining allegations of paragraph 116 of the First Amended Complaint are denied.

117. Denied.

118. As to the allegations contained in paragraph 118 of the First Amended Complaint, it is admitted that New Hanover County District Attorney Ben David dismissed the murder charge against Plaintiff Small on September 8, 2016. Except as expressly admitted herein, the remaining allegations of paragraph 118 of the First Amended Complaint are denied.

119. Denied.

Count VIII – State Law
Obstruction of Justice

120.    Defendant Bruce Hickman's responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

121.    Denied.

122.    Denied.  It is specifically denied that the Officer Defendants engaged in the alleged misconduct.

123.    Denied.

Count IX – State Law
Civil Conspiracy

124.    Defendant Bruce Hickman's responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

Count X – State Law
Respondeat Superior

129.    Defendant Bruce Hickman's responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

130.    As to the allegations contained in paragraph 130 of the First Amended Complaint, it is admitted that at all times relevant to the Complaint the Officer Defendants were employed by the WPD and were acting within the scope of their employment.  Except as expressly admitted herein, the remaining allegations of

paragraph 130 of the First Amended Complaint are denied. It is specifically denied that the Officer Defendants engaged in the alleged misconduct.

131. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131, and those allegations are therefore denied.

132. The allegations contained in paragraph 132 of the First Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from this answering defendant.

## Count XI – State Law
### Indemnification

133. Defendant Bruce Hickman's responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

134. Admitted, upon information and belief.

135. As to the allegations contained in paragraph 135 of the First Amended Complaint, it is admitted that at all times relevant to the Complaint the Officer Defendants were employed by the WPD and were acting within the scope of their employment. Except as expressly admitted herein, the remaining allegations of paragraph 135 of the First Amended Complaint are denied. It is specifically denied that the Officer Defendants engaged in the alleged misconduct.

## Count XII – Constitution of North Carolina, Art. I, §§ 19-20
### Violation of Due Process

136. Defendant Bruce Hickman's responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

137.    As to the allegations contained in paragraph 137 of the First Amended Complaint, it is admitted that at all times relevant to the Complaint the Officer Defendants were employed by the WPD and were acting under the color of law and within the scope of their employment.  Except as expressly admitted herein, the remaining allegations of paragraph 137 of the First Amended Complaint are denied, including each subpart.

138.    Denied.  It is specifically denied that the Officer Defendants engaged in the alleged misconduct.

139.    Denied.

140.    The allegations of this paragraph are not directed at this answering defendant and therefore require no response.  To the extent further response is required, these allegations are denied.

## GENERAL DENIAL

Except as specifically admitted above, each and every allegation in the First Amended Complaint is hereby denied.

## FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff Small's claims fail to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff Small's claims are barred by sovereign and/or governmental immunity, public officer's or public official's immunity, and qualified immunity. These immunities are pleaded affirmatively as bars to Plaintiff Small's claims.  Plaintiff Small's claims

against this answering defendant are barred by the qualified immunity because Plaintiff Small either has not alleged or shown facts that make out a violation of a constitutional right, or the conduct alleged does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known. Furthermore, Plaintiff Small's state law claims against this answering defendant are barred by public officer or public official immunity because this answering defendant is a public official and lawfully exercised the judgment and discretion with which he was invested by virtue of his office, remained within the scope of his official authority, and acted without malice or corruption.

## THIRD AFFIRMATIVE DEFENSE

The public duty doctrine shields Defendant Bruce Hickman from claims of negligence arising out of their investigation, even if couched in terms of "gross", "wanton", or "willful" conduct.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff Small's direct claims under the North Carolina Constitution fail as a matter of law because the plaintiff has adequate remedies at law.

## FIFTH AFFIRMATIVE DEFENSE

This answering defendant pleads contributory negligence as a bar to any claim to which said defense applies.

## SIXTH AFFIRMATIVE DEFENSE

This answering defendant pleads the statute of limitations or statute of repose for any claim to which said defense applies, including, but not limited to, the statute of limitations applicable to Plaintiff Small's state law claims as well as the statute of

repose, N.C. Gen. Stat. § 1-52(16), applicable to Plaintiff Small's state law claims. The last alleged acts of this answering defendant which Plaintiff Small purports give rise to his claims occurred in 1989 (at the latest), and the North Carolina statute of repose provides that "no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action." N.C. Gen. Stat. § 1–52(16)

## SEVENTH AFFIRMATIVE DEFENSE

If this answering defendant was negligent, which negligence is denied, then such negligence was secondary and passive to the active and primary negligence of third parties, which negligence was intervening, superseding, and insulating. This answering defendant pleads such intervening, superseding, and insulating negligence as a bar to Plaintiff Small's claims against this answering defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Both factually and as a matter of law, the plaintiff may not recover punitive damages from this answering defendant. Plaintiff Small's claim for punitive damages should be dismissed due to the lack of existence of clear and convincing evidence of any aggravating factor and because Plaintiff Small has failed to properly plead any aggravating factor with particularity that purportedly supports a claim and demand for punitive damages.

## NINTH AFFIRMATIVE DEFENSE

At all times incident to the allegations contained in Plaintiff Small's First Amended Complaint, this answering defendant acted in good faith, and without intent and without malice or intent to injure. This answering defendant pleads said good faith and lack of malice as a complete bar to the claims asserted against him in this action.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff Small is barred from recovery to the extent Plaintiff Small's alleged injuries or damages were caused by his own wrongful, intentional, or illegal conduct or resulted from a violation of any statute (penal or otherwise), regulation, ordinance or public policy.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff Small may not pursue his claims against this answering defendant because Plaintiff Small has not alleged and cannot prove that the criminal proceedings against him terminated in his favor.

## TWELFTH AFFIRMATIVE DEFENSE

This answering defendant has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of Plaintiff Small's allegations. This answering defendant intends as best he can to inform himself of the pertinent facts and prevailing circumstances surrounding the damages and expenses alleged in Plaintiff Small's First Amended Complaint, and gives notice of his intent and hereby reserves his right to add additional defenses, including affirmative defenses, as the evidence may so warrant during the pendency of this litigation.

WHEREFORE, having fully answered and responded to Plaintiff Small's First Amended Complaint, this answering defendant respectfully requests that Plaintiff Small have and recover nothing; that said First Amended Complaint be dismissed with prejudice; that all triable issues be tried by a jury; that this answering defendant recover his costs, including reasonable attorneys' fees; and that this Court grant such other relief as it deems just, equitable, and proper.

This is the 2nd day of May, 2018.

/s/ Brian H. Alligood
Brian H. Alligood
N.C. State Bar No. 27361
BOVIS KYLE BURCH & MEDLIN, LLC
800 Green Valley Rd., Suite 102
Greensboro, NC 27408
BAlligood@boviskyle.com
Telephone: (336) 907-3265
Facsimile: (336) 907-4178
*Attorney for Defendants Donna Brown, Wayne Norris, Darryl Nester, Joseph Neuschafer, and Bruce Hickman*

*CERTIFICATE OF SERVICE*

I certify that on May 2, 2018, I electronically filed **DEFENDANT BRUCE HICKMAN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ms. Cindy Tsai
Mr. Jon I. Loevy
Ms. Tara E. Thompson
Ms. Aisha N. Davis
Mr. Anthony Balkissoon
Ms. Gayle M. Horn
Ms. Katie Roche
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
*Attorneys for Plaintiff*

Mr. David S. Rudolf
RUDOLF WIDENHOUSE
225 E. Worthington Ave., Suite 200
Charlotte, NC 28203
*Attorney for Plaintiff*

Mr. Scott C. Hart
SUMRELL, SUGG, CARMICHAEL,
HICKS & HART
PO Box 889
New Bern, NC 28563
*Attorney for Defendant City of Wilmington*

Ms. Meredith Turner Everhart
PO Box 1810
Wilmington, NC 28402
*Attorney for Defendant City of Wilmington*

Mr. David G. Harris, II
Mr. David L. Brown
GOLDBERG SEGALLA
800 Green Valley Rd., Suite 302
Greensboro, NC 27408
*Attorneys for Defendant J.J. Lightner*

Mr. John Felix Green, II
HALL & GREEN
718 Market St.
Wilmington, NC 28401
*Attorney for Wayne Norris*

This is the 2nd day of May, 2018.

/s/ Brian H. Alligood
Brian H. Alligood
N.C. State Bar No. 27361
BOVIS KYLE BURCH & MEDLIN, LLC
800 Green Valley Rd., Suite 102
Greensboro, NC 27408
BAlligood@boviskyle.com
Telephone: (336) 907-3265
Facsimile: (336) 907-4178
*Attorney for Defendants Donna Brown, Wayne Norris, Darryl Nester, Joseph Neuschafer, and Bruce Hickman*