IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-00071-FL

**Johnny Small**,

        Plaintiff,

v.

**City of Wilmington,** et al.,

        Defendants.

**Order**

Plaintiff Johnny Small asks the court to allow him to depose 27 specific individuals, several more than contemplated by the Case Management Order. D.E. 63. Defendants assert that the request for additional depositions is premature since Small has not taken all of the depositions that the court has authorized him to take. D.E. 34, 66, 68. In order to ensure that discovery remain proportional to the needs of this case, the court will deny the motion without prejudice to Small's renewing it after he has exhausted the number depositions allowed under the Case Management Order. D.E. 34.

### I. Background

Someone shot and killed Pamela Dreher in a flower shop in Wilmington, North Carolina in 1988. The Wilmington Police Department's ("WPD") investigation led them to arrest Small for the crime. A New Hanover County jury believed that the evidence established that Small was responsible for Dreher's death and convicted him of first degree murder in April 1989. A judge sentenced him to life in prison.

Over three decades later a key witness, David Bollinger, told authorities that both his statement to police and his trial testimony implicating Small were false. Bollinger claims that various Wilmington police officers coerced him into providing the false statement and testimony.

After Bollinger recanted, Small filed a petition for post-conviction relief. In 2016, following a hearing, a state court granted Small a new trial. The court noted its concern with the WPD's handling of the case, particularly its conduct with respect to the minor witnesses. Rather than proceed with a new trial, the State dismissed the charges against Small.

Small now seeks to recover damages from the City of Wilmington and various individuals involved in the investigation that led to his arrest and convicted for alleged violations of his constitutional rights.

Early on the parties discussed the parameters for discovery in this case. The resulting Rule 26(f) report explained that that each party could take up to 15 depositions. D.E. 33 at ¶ B(3). It also set forth a qualifier stating that "the parties will reconsider this limitation if circumstances warrant, particularly if numerous witnesses are disclosed under Rule 26(a)." *Id.* The Report also notes that "[t]he total number of depositions will likely exceed the number permitted under Rule 30" but that a higher limit was justified given the number of parties and the nature of the claims. *Id.*

The court then issued a case management order allowing Small to take 15 depositions and each Defendant to take 10 depositions. D.E. 34 at I(G) The order did not address modification of the number of depositions. *Id.*

In their initial disclosure, Defendants identified 60 witnesses who may have information relevant to the instant claims. Small has asked the court to allow him to depose at least 27 of those individuals. The Defendants oppose Small's motion.

**II.     Analysis**

Federal Rule of Civil Procedure 30 governs this matter. It directs that "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition and [it] would result in more than 10 depositions being taken[.]" Fed. R. Civ. P. 30(a)(2)(A)(i). The burden of persuading the court that additional depositions are necessary rests with the party seeking to take added depositions. *Talismanic Props., LLC* v. *Tipp City, Ohio*, 309 F. Supp. 3d 488, 497 (S.D. Ohio 2017). That more than the allotted number of individuals may have discoverable information in a case does not signify that additional depositions are required. *Id.* Instead, "the moving party must make a particularized showing why extra depositions are necessary." *Id.* (citation omitted).

> In considering a motion for leave to take additional depositions, a court will consider if:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*Thykkuttathil* v. *Keese*, 294 F.R.D. 601, 602–03 (W.D. Wash. 2013). The breadth and complexity of the case is another factor for a court to weigh in determining whether enlargement is warranted. *Id.*

A court generally will not grant leave to increase the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A). *Smith* v. *Ardew Wood Prod., Ltd.*, No. C07-5641 FDB, 2008 WL 4837216, at *1 (W.D. Wash. Nov. 6, 2008). And before resorting to a request for relief from Rule 30's restrictions, a party must exhaust less expensive and burdensome means of discovery. *Id.* When a compelling reason is not

presented, the court has the discretion, and even the obligation, to deny leave to take additional depositions. *Talismanic Props.*, 309 F. Supp. at 497 (citation omitted).

In considering this motion, the court is mindful that Rule 26(b)(2)(C) directs that it shall "limit the frequency or extent of discovery" if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). And "[b]y specifically limiting the number of depositions, the drafters of Rule 30 clearly did not contemplate that depositions should either be unlimited in quantity, or be available without a showing of need." *Archer Daniels Midland Co.* v. *Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 587 (D. Minn. 1999).

Small contends that the scope of this case is considerable and necessitates the additional depositions. He points out that the conviction dates back nearly 30 years, and his claims involve several participants and implicate the policies and practices of the WPD. Small contends discovery is required on the investigation, prosecution, and post-conviction proceedings, requiring an examination into law enforcement officers, witness, and co-defendants.

Defendants oppose the additional depositions. They contend that Small's request is premature. They also argue that he has failed to show that the additional depositions would not be unreasonably cumulative or duplicative. They also indicate that the cost of taking dozens of depositions is not proportional to the needs of the case.

Although Small has identified 27 additional proposed deponents, and has broadly stated the supposed relevancy of their testimony, he has not shown that each additional deponent is essential to his discovery. Small identifies the anticipated testimony of each proposed deponent, but he has not established that any of the named individuals are likely to possess information that

is not duplicative of information given by prior deponents or that the same information could not be obtained by other, less burdensome means. And at a minimum, Small should exhaust his current allotment of 15 depositions and make other, less formal attempts to obtain information from witnesses before seeking leave to depose additional individuals

This case is undoubtedly intricate in terms of participants, witnesses, statements, and time. But the court finds that revisiting this issue after the parties' have completed the depositions contemplated by the Case Management Order would be the most prudent approach to resolution of the pending motion. At that time, the parties should have a better understanding of what additional depositions may be relevant without being unreasonably cumulative and duplicative. This approach is the best way to balance the costs and other burdens of the requested discovery with its likely benefits. And it still permits Small to obtain individualized discovery by other, less onerous means—document requests, interrogatories, requests for admission, stipulations, or affidavits—from the witnesses identified in Defendants' initial disclosures. This method may accomplish Small's goals of procuring statements from the individual witnesses identified while minimizing the burden on him and the Defendants.

**III.     Conclusion**

For the reasons set forth above, Small's motion to increase the number of depositions he may take (D.E. 63) is denied without prejudice. Small may renew his motion following completion of the depositions allowed by the court's August 9, 2017 Case Management Order (D.E. 34). The renewed motion should include a detailed explanation of the information Small hopes to obtain from each additional deponent, the efforts Small has made to obtain information from the proposed deponent short of deposition (or why a deposition is the only possible method to obtain the

information), and why he believes the total number of depositions he seeks is proportional to the needs of the case.

Dated: November 19, 2018

_____
Robert T. Numbers, II
United States Magistrate Judge